**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER DEAN LEIGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-01792-JAR |
| | ) | |
| PHILIP GREER SCANLON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Christopher Dean Leigh brings this action against his former public defender and three St. Francois County assistant prosecuting attorneys for alleged misconduct during his prior state criminal proceedings. He filed an Application to proceed *in forma pauperis* along with a supplemental document regarding his finances. (ECF Nos. 2 and 4). He also moved for the appointment of counsel. (ECF No. 3). Upon reviewing the Application and supplemental document, the Court finds that Plaintiff cannot afford the filing fee and grants his Application. However, for the reasons explained below, the Court dismisses this action without prejudice and denies the motion for appointment of counsel as moot.

**I. Background**

Plaintiff filed the Complaint against his former public defender Philip Greer Scanlon, and the following St. Francois County prosecuting attorneys: Ariel Bilyeu Epulle, Jerrod D. Mahurin, and Benjamin Hugh Campbell.[1] He sues the Defendants in their individual and official capacities. He invokes this Court's federal question jurisdiction, and cites the First, Fourth, Fifth, Sixth,

---

[1] In the Complaint, Plaintiff alternately refers to Benjamin Hugh Campbell as "Benjamin Hugh" and "Benjamin Hugh Campbell." The Court will refer to this Defendant as "Campbell."

Eighth, and Fourteenth Amendments, "Brady v. Maryland,"[2] and "Federal Statute 371, Conspiracy Statute." (ECF No. 1 at 8). Plaintiff makes no attempt to invoke this Court's diversity jurisdiction, and he provides Missouri addresses for himself and all four Defendants. He seeks monetary relief. The Court liberally construes the Complaint as filed pursuant to 42 U.S.C. § 1983.

Plaintiff alleges as follows. In 2016, Plaintiff was charged with multiple counts of aggravated stalking. The charges "stemmed from a series of phone messages" that Plaintiff left the victim from May 2014 to March 2016. *Id.* at 4. The messages were recorded. Plaintiff writes: "All words stated in those messages is protected speech under the First Amendment of the Constitution of the United States." *Id.* at 5.

Epulle, having listened to the messages, "knew the content of those messages is protected speech under the First Amendment." *Id.* Nevertheless, Epulle convened the Grand Jury and Plaintiff was indicted. During Plaintiff's preliminary hearing, the victim testified that Plaintiff told her she would never see her family again. Plaintiff writes: "With that statement the witness committed perjury." *Id.* Mahurin "was well aware of the fact that Plaintiff did not at any[]time state that," but Plaintiff was held for trial. *Id.* at 5.

On July 18, 2016, the victim testified at a deposition. Scanlon and Mahurin were present. Scanlon asked the victim whether Plaintiff threatened to kill her, and the victim replied "No, he did not." *Id.* at 6. Plaintiff writes: "With that response, there was no probable cause for any charges." *Id.* However, Plaintiff did not read the deposition until after he pleaded guilty. Scanlon and Mahurin conspired with Campbell and Epulle "to withhold exculpatory evidence in furtherance of subsidiary efforts at concealment of already ongoing felonies." *Id.* Campbell was also aware of the deposition testimony, but he and the other Defendants failed to move for

---

[2] This is an apparent reference to *Brady v. Maryland*, 373 U.S. 83 (1963).

dismissal of the charges. Plaintiff's guilty pleas were "unknowing and unintelligent," and he was unlawfully incarcerated for over seven years. *Id.*

As relief, Plaintiff seeks $79.75 million to compensate him for "unlawful incarceration" and "mental anguish." *Id.* at 12.

## II.    Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint must plead more than "legal conclusions" and "threadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court liberally construes a layperson's complaint, and accepts well-pleaded facts as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Even so, the complaint must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts or construct a legal theory on a self-represented plaintiff's behalf. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## III.    Discussion

Section 1983 of Title 42 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

3

The Court first addresses Plaintiff's claims against Scanlon, his former public defender.  As set forth above, Plaintiff claims Scanlon violated his civil rights by concealing and/or conspiring to conceal exculpatory evidence revealed during the victim's deposition, and by failing to move for dismissal of the charges.  Plaintiff cites six Constitutional Amendments and *Brady v. Maryland*, but does not specify the particular federally-protected right he believes Scanlon violated.  Nevertheless, the Court has thoroughly reviewed and liberally construed the Complaint, and finds it fails to plead a valid section 1983 claim against Scanlon.

Plaintiff's claims against Scanlon are based on actions Scanlon took while performing a lawyer's traditional functions as counsel during Plaintiff's criminal proceedings.  The Complaint does not plead facts that can be construed as alleging conduct outside the scope of those traditional functions.  A criminal defense attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).  *See Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990) (stating that the Eighth Circuit "has repeatedly held that both retained and appointed attorneys are not liable for deprivations of constitutional rights under 42 U.S.C. § 1983 for the reason that they do not act under color of state law"); and *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) ("Public defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel.").  As a result, Plaintiff cannot establish an essential element of a section 1983 claim against Scanlon in his official or individual capacity. *See West*, 487 U.S. at 48 (describing the elements of a section 1983 claim).  Plaintiff's claims against Scanlon are therefore subject to dismissal.  *See* 28 U.S.C. § 1915(e)(2).

The Court now addresses Plaintiff's claims against St. Francois County prosecuting attorneys Epulle, Mahurin, and Campbell.  As set forth above, Plaintiff claims Epulle convened

4

the Grand Jury despite knowing that Plaintiff's statements were protected speech; Mahurin presented perjured testimony and conspired with Campbell and Epulle to withhold exculpatory evidence; and all three Defendants failed to move to dismiss the charges.

The Court first considers Plaintiff's official-capacity claims. Courts treat official-capacity claims against governmental employees as claims against the governmental entity itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). To state municipal liability under section 1983, a plaintiff must allege that the municipality's official policy, unofficial custom, or deliberately indifferent failure to train or supervise caused the asserted injury. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Here, Plaintiff does not identify a St. Francois County policy, a widespread custom, or training deficiencies that caused his alleged harm. He therefore fails to state plausible official-capacity claims against Epulle, Mahurin, and Campbell.

Plaintiff's individual-capacity claims also fail. Prosecutors enjoy absolute immunity from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

In this case, Plaintiff alleges that Epulle, Mahurin, and Campbell engaged in misconduct that was exclusively related to their roles as prosecuting attorneys. Because all of Plaintiff's allegations involve core prosecutorial functions, prosecutorial immunity bars his claims. *See Imbler*, 424 U.S. at 430-31; *Brodnicki*, 75 F.3d at 1266. Plaintiff's allegations of *Brady* violations and presentation of perjured testimony do not save his claims. A prosecutor is immune from suit even if he or she "knowingly presented false, misleading, or perjured testimony . . . or withheld or

suppressed exculpatory evidence." *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (quoting *Reasonover v. St. Louis Cnty.,* 447 F.3d 569, 580 (8th Cir. 2006)).  A prosecutor is also absolutely immune from a civil conspiracy claim when the "alleged participation in the conspiracy consists of otherwise immune acts." *Id.* (quoting *Reasonover*, 447 F.3d at 580).

For the foregoing reasons, the Court finds that the Complaint fails to state a valid section 1983 claim against any Defendant in either their official or individual capacities.  Furthermore, Plaintiff's reliance on "Federal Statute 371, Conspiracy Statute" (ECF No. 1 at 8)—presumably 18 U.S.C. § 371—is misplaced, as this is a criminal statute that provides no private right of action. The initiation of federal criminal prosecutions lies within the exclusive discretion of the executive branch and cannot be compelled by the judiciary. *See Ray v. United States Dept. of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981).

The Court will therefore dismiss this action without prejudice.  Because the Court is dismissing this action at this time, the Court will deny Plaintiff's Motion for appointment of counsel as moot.  For the same reasons the Court dismisses this case, the Court is thoroughly convinced that there is no substantial question for review and that an appeal will be futile.  The Court therefore certifies that an appeal sought to be taken *in forma pauperis* would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A); *see also Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.  A separate order of dismissal will be entered with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 20th day of May, 2026.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE